

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00056-CR

_____

DAMANDRE DEON WILLIAMS, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1540335D

Before Womack, Wallach, Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Damandre Deon Williams appeals from his burglary-of-a-habitation conviction and resulting four-year sentence. Finding no arguable or potentially plausible grounds to support the appeal, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

In 2018, a grand jury indicted Williams with entering Debra Carroll's habitation without her consent and with the intent to commit assault on Debra's daughter and Williams's girlfriend, Rozanetta Carroll. Debra and Rozanetta had testified before the grand jury. The indictment also contained a repeat-offender notice alleging that Williams had been convicted of felony assault causing bodily injury to his then-girlfriend in 2011. Four months after the indictment, Rozanetta filed an affidavit of nonprosecution, requesting that the indictment be dismissed because she did "not want this case prosecuted."[1]

In 2019, the State moved for a competency determination based on Williams's past mental-health history, which was ordered. A magistrate found Williams incompetent to stand trial and he was committed. Almost three months later, the magistrate found Williams competent to stand trial.

In December 2019, the State waived the repeat-offender notice and, in exchange, Williams pleaded nolo contendere to the indictment after receiving the

---

[1]Williams and Rozanetta married in January 2020.

2

applicable admonishments.[2] Williams affirmed that he was guilty of the charged offense and that all facts alleged in the indictment were true. As part of the resulting presentence-investigation report (the PSI), which was delayed due to the COVID pandemic, Rozanetta submitted a victim-impact letter asking that Williams receive community supervision because he was "a changed man." Debra also asked for community supervision as punishment for Williams based on his changed attitude and conduct.

At the May 2021 sentencing hearing, the trial court took judicial notice of the PSI. Williams's counsel pointed out Williams's compliance while out on bond (except for "one little mess-up" when he tested positive for marijuana use in January 2020) and the fact that Williams had changed from how he was before the competency proceedings because his mental-health issues had been addressed. The State argued for confinement based on Williams's criminal history. The trial court assessed his

---

[2]This type of bargain with the State is a charge bargain—"his precise punishment had been left unresolved for the trial court to decide." *Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.). Even though the trial court incorrectly indicated in its certification that Williams had the right to appeal because the case was "not a plea-bargain case," our jurisdiction over this appeal could be called into question. *See, e.g.*, *Mayfield v. State*, No. 02-19-00343-CR, 2019 WL 6335421, at *2 (Tex. App.—Fort Worth Nov. 27, 2019, no pet.) (mem. op., not designated for publication). However, we note that the written admonishment that Williams "give[s] up and waive[s] any and all rights of appeal" was marked out, which could indicate that Williams was granted permission to appeal from his plea bargain. *See, e.g.*, *Craven v. State*, Nos. 02-11-00089-CR, 02-11-00090-CR, 2012 WL 2036449, at *1 (Tex. App.—Fort Worth June 7, 2012, pet. ref'd) (per curiam) (mem. op., not designated for publication).

sentence at four years' confinement. Williams filed a pro se notice of appeal and the trial court appointed counsel to represent Williams on appeal.

Williams's court-appointed appellate counsel has filed a motion to withdraw, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, the appeal is frivolous and without merit because there are no arguable grounds to be raised. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no potentially plausible grounds for relief. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding). Counsel has discussed the trial court's jurisdiction, the facts leading to Williams's nolo contendere plea, the facts surrounding the PSI, the evidence considered by the trial court in assessing punishment, and why the record and the applicable law reveal no arguable grounds for an appeal. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

After being given access to the appellate record, Williams responded and argued that his nolo contendere plea had been involuntary because his counsel "did not present [Debra's and Rozanetta's] exculpatory recantation of their statements," which he asserts establishes his actual innocence of the charged offense.[3] *See Kelly v.*

---

[3]The record does not indicate that Debra and Rozanetta withdrew their accusations; it indicates only that Rozanetta did not want Williams prosecuted and that Debra and Rozanetta believed community supervision would be an appropriate punishment. In any event, actual innocence based on newly discovered evidence is

4

*State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). The State responded that it agreed with appellate counsel that there are no grounds upon which to advance Williams's appeal.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any response filed by the pro se appellant. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *Schulman*, 252 S.W.3d at 408–09. We have carefully reviewed the entire record, counsel's brief, and Williams's pro se response. We independently conclude that there is nothing in the record that might arguably support the appeal and that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988); *Kelly*, 436 S.W.3d at 318–19; *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

---

appropriately raised in a post-conviction writ of habeas corpus. *See Ex parte Brown*, 205 S.W.3d 538, 544–45 (Tex. Crim. App. 2006); *Roberts v. State*, No. 10-12-00075-CR, 2012 WL 3137980, at *2 (Tex. App.—Waco Aug. 2, 2012, no pet.) (mem. op., not designated for publication).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 24, 2022